1

2

3

4

5

6

7

8            **UNITED STATES DISTRICT COURT**

9            **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   FRIDA VISSUET,                                    CASE NO. 09-CV-2321 - IEG (CAB)

12                              Plaintiff,             ORDER:

13       vs.                                           (1) PERMITTING PLAINTIFF TO
                                                       FILE HER FIRST AMENDED
14                                                     COMPLAINT; and

15   INDYMAC MORTGAGE SERVICES, a                      (2) DENYING AS MOOT
                                                       DEFENDANT'S MOTION TO
16   Division of OneWest Bank, FSB; QUALITY            DISMISS
     LOAN SERVICE CORP., a California
17   Corporation; and DOES 1-100,                      [Doc. Nos. 14, 4]

18                              Defendants.

19

20

21          Currently before the Court is Defendant Indymac Mortgage Service's Motion to Dismiss

22   pursuant to Fed. R. Civ. P. 12(b)(6), filed on October 27, 2009, and set for hearing on November 30,

23   2009. [Doc. No. 4]. Plaintiff never filed an opposition to the Motion to Dismiss. Rather, on November

24   10, 2009, Plaintiff filed a Motion for Temporary Restraining Order ("TRO Motion"), seeking to enjoin

25   Defendants from conducting a trustee's sale of the subject property either until the end of the trial or

26   at least until Plaintiff's First Amended Complaint could be considered on its merits. (Pl. Mem. of P.

27   & A. in support of TRO Motion, at 10 [Doc. No. 5-1].) In her TRO Motion and at the hearing on the

28   preliminary injunction, which was held on November 23, 2009, Plaintiff indicated that the First

                                              - 1 -                          09cv2321-IEG (CAB)

1    Amended Complaint will be filed before the November 30, 2009 hearing date. (Id.) At the hearing on

2    the preliminary injunction, the Court encouraged Plaintiff to file the First Amended Complaint, which

3    Plaintiff's counsel assured would cure the deficiencies of the original complaint, before the November

4    30, 2009 hearing date. In light of that, on November 25, 2009, the Court took off calendar the hearing

5    on the Motion to Dismiss.[1] [Doc. No. 25].

6         Plaintiff, however, failed to file her First Amended Complaint before November 30, 2009.

7    Rather, Plaintiff filed it four days later, on December 4, 2009. [Doc. No. 14]. Normally, such a delay

8    would not be an issue, and Plaintiff would have been entitled to amend her complaint "as a matter of

9    course." See FED. R. CIV. P. 15(a)(1) (effective until December 1, 2009). Once the complaint would

10   have been amended, Defendant's Motion to Dismiss, which was aimed at the original complaint,

11   would have been moot. Plaintiff, however, had the misfortune to file the First Amended Complaint

12   on December 4, 2009–three days after the recent changes to the Federal Rules of Civil Procedure came

13   into effect. See Orders of the Supreme Court of the United States Adopting and Amending Rules,

14   Order of March 26, 2009. ¶ 2 [hereinafter March 26 Order]. Federal Rule of Civil Procedure 15, which

15   governs amendment of pleadings, was among the Rules amended. Id. ¶ 1.

16        Pursuant to the amended Rule 15, a party may amend its pleading "as a matter of course" only:

17   (a) within 21 days after serving it, or (b) "21 days after service of a responsive pleading or 21 days

18   after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1)

19   (effective December 1, 2009). In the present case, Defendant's Motion to Dismiss was filed on

20   October 27, 2009. [Doc. No. 4]. Accordingly, Plaintiff failed to amend her complaint within "21 days

21   after service of a motion under Rule 12(b)," and therefore was required to receive "court's leave"

22   before the First Amended Complaint could be filed. See FED. R. CIV. P. 15(a)(2).

23        The amendments to the Federal Rules, however, apply to the already pending proceedings only

24   "insofar as just and practicable." See March 26 Order, ¶ 2. Notably, an amended rule shall not apply

25   if, "in the opinion of the court in which such proceedings are pending, the application of such rule in

26   such proceedings would not be feasible or *would work injustice*, in which event the former rule

27

28       [1] Earlier, on November 10, 2009, the Court granted Plaintiff's Motion for Temporary Restraining Order. [Doc. No. 6]. However, after holding the hearing on November 23, 2009, the Court denied Preliminary Injunction and dissolved the Temporary Restraining Order. [Doc. No. 12].

1  applies." 28 U.S.C. § 2074 (emphasis added). In the present case, the Court believes the application

2  of the new Rule 15(a)(1) to Plaintiff's filing of the First Amended Complaint would work an injustice.

3  Accordingly, the Court will apply the old Rule 15(a)(1) and permit Plaintiff to file her First Amended

4  Complaint "as a matter of course."[2] See FED. R. CIV. P. 15(a)(1) (effective until December 1, 2009).

5  Plaintiff's counsel, however, is cautioned that the Court will not be as lenient the next time.

6                                          **CONCLUSION**

7          For the foregoing reasons, the Court will allow Plaintiff to file her First Amended Complaint

8  "as a matter of course," and **DENIES AS MOOT** Defendant's Motion to Dismiss, seeing as it is

9  geared towards Plaintiff's original complaint.

10         **IT IS SO ORDERED.**

11

12  DATED:  December 8, 2009

13                                          IRMA E. GONZALEZ, Chief Judge
                                            United States District Court

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28         [2] The Court notes that Defendant was aware, at least since November 10, 2009, that Plaintiff
       was planning on amending her complaint, which under the old rule would have had the effect of
       mooting Defendant's Motion to Dismiss. (See Pl. Mem. of P. & A. in support of TRO Motion, at 10.)