1
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11  FRIDA VISSUET,                          CASE NO. 09-CV-2321 - IEG (CAB)

12                          Plaintiff,      ORDER GRANTING IN PART AND
                                            DENYING IN PART ONEWEST'S
         vs.                                MOTION TO DISMISS
13

14  INDYMAC MORTGAGE SERVICES;              [Doc. No. 22]
    QUALITY LOAN SERVICE CORP.; and
15  DOES 1-100,

16                          Defendants.

17

18          Currently before the Court is a Motion to Dismiss Plaintiff's Second Amended Complaint

19  brought by Defendant OneWest Bank, FSB as Successor in Interest to Certain Assets and Liabilities

20  of IndyMac Bank, FSB ("OneWest"). Having considered the parties' arguments, and for the reasons

21  set forth below, the Court **GRANTS IN PART and DENIES IN PART** the motion.

22                                  **BACKGROUND**

23  **I.      Parties**

24          Plaintiff Frida Vissuet ("Vissuet") is the owner of certain real property commonly known as

25  2234 MOROSE STREET, LEMON GROVE, CALIFORNIA 91945 ("Property").

26          OneWest is the current owner of all beneficial interest under the Deed of Trust executed by

27  Vissuet. The original lender under the Deed of Trust was PacificBanc Mortgage. (Def. RJN, Ex. A.)

28  OneWest became the beneficial owner on July 13, 2009, through an assignment by Mortgage

1   Electronic Registration Systems, Inc., acting as a nominee for PacificBanc Mortgage. (Id., Ex. C.) The

2   Assignment of Deed of Trust was recorded on July 23, 2009. (Id.)

3      Quality Loan Services is the current trustee. The original trustee under the Deed of Trust was

4   LandAmerica Southland Title. (Id., Ex. A.) Quality Loan Services was substituted as a trustee on June

5   20, 2009. (Id., Ex. D.) The Substitution of Trustee was recorded on August 4, 2009. (Id.)

6   **II.   Factual background**

7      On July 24, 2007, Vissuet executed a Deed of Trust securing a loan in the amount of $360,000

8   from PacificBanc Mortgage. According to Vissuet, this was an Alternative-A loan,[1] and it consisted

9   of a "refinance" of the first deed on the Property. (SAC ¶ 4.) On June 20, 2009, after Vissuet defaulted

10  on her loan, Quality Loan Services recorded and served a Notice of Default on the Property. (See Def.

11  RJN, Ex. B.) On September 25, 2009, Quality Loan Services recorded a Notice of Trustee's Sale of

12  the Property in the amount of $379,660.17, setting October 15, 2009 as the date of sale. (Id., Ex. E.)

13     Upon receipt of the Notice of Trustee's Sale, Vissuet contacted IndyMac and requested loan

14  modification. She was allegedly told that if she completed and submitted the loan modification

15  application, IndyMac would postpone the trustee's sale. (SAC ¶ 9.) Vissuet alleges that based upon

16  that promise, she completed and submitted her loan modification application. (Id. ¶ 10.) However,

17  after Vissuet submitted the application, she was informed by IndyMac there was nothing that could

18  be done to stop the trustee's sale of the Property. (Id.) As a result, Vissuet filed the present suit. After

19  the action was commenced, Vissuet received in the mail two additional letters from IndyMac, dated

20  November 2, 2009 and November 5, 2009, indicating that IndyMac was willing to work with Vissuet

21  on a loan modification. (See, e.g., id., Ex. B.)

22  **III.   Procedural background**

23     Vissuet filed the present complaint on October 13, 2009, in the Superior Court for the County

24  _____

25     [1] An "Alternative-A" loan ("Alt-A loan") refers to a type of a subprime loan. "The prime rate
    is the 'base rate that banks use in pricing commercial loans to their best and most creditworthy
26  customers.'" In re MoneyGram Int'l, Inc. Sec. Litig., 626 F. Supp. 2d 947, 958 n.6 (D. Minn. 2009)
    (citation omitted). "Prime borrowers as a group generally receive the same terms from most lenders,
27  while subprime borrowers are sorted into a number of different risk classes. . . . Borrowers who have
    prime credit scores but cannot provide full income documentation, or otherwise pose a higher risk,
28  are considered 'Alt-A' borrowers." Todd J. Zywicki & Joseph D. Adamson, *The Law and Economics
    of Subprime Lending*, 80 U. COLO. L. REV. 1, 7 (2009) (citations omitted).

of San Diego, alleging four causes of action. OneWest subsequently removed the case to this Court on October 19, 2009. On November 10, 2009, Vissuet moved for a Temporary Restraining Order ("TRO") to avoid an impending trustee's sale. The Court granted the motion for TRO and scheduled a hearing on the preliminary injunction for November 23, 2009. After the hearing, the Court denied the request for preliminary injunction and dissolved the TRO. [Doc. No. 12]. On December 4, 2009, Vissuet filed her First Amended Complaint ("FAC"), alleging five causes of action. Defendant OneWest subsequently filed a Motion to Dismiss the FAC, which the Court granted in part and denied in part on March 19, 2010. [Doc. No. 20]. Finally, on April 8, 2010, Plaintiff filed her Second Amended Complaint ("SAC") alleging three causes of action: (1) predatory lending; (2) breach of contract; and (3) fraud. [Doc. No. 21].

On April 23, 2010, OneWest filed the present Motion to Dismiss. [Doc. No. 22]. Vissuet filed an opposition, and OneWest replied. [Doc. Nos. 23, 25]. The Court subsequently took the motion under submission pursuant to Civil Local Rule 7.1(d)(1).

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.544, 570 (2007). The court may dismiss a complaint as a matter of law for: (1) "lack of cognizable legal theory," or (2) "insufficient facts under a cognizable legal claim." SmileCare Dental Group v. Delta Dental Plan of Cal., 88 F.3d 780, 783 (9th Cir. 1996) (citation omitted). The court only reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. al-Kidd v. Ashcroft, 580 F.3d 949, 956 (9th Cir. 2009) (citation omitted).

Despite the deference, the court need not accept "legal conclusions" as true. Ashcroft v. Iqbal, --- U.S. ---, 129 S. Ct. 1937, 1949-50 (2009). It is also improper for the court to assume "the [plaintiff] can prove facts that [he or she] has not alleged." Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983). On the other hand, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 129 S. Ct. at 1950.

**DISCUSSION**

**I.     Failure to tender**

OneWest first asserts the entire SAC should be dismissed due to Plaintiff's failure to allege or make an actual tender. The Court, however, previously rejected this argument and does so again here. Specifically, as the Court previously stated, the cases cited by OneWest stand only for the proposition that without tendering an obligation in full, the plaintiff lacks standing to challenge a foreclosure sale that has *already occurred* or to set it aside. (See MTD Order, at 4 [Doc. No. 20].) In the present case, the trustee's sale has not occurred yet, and OneWest has failed to cite to any case that would establish a similar bright-line rule requiring tender where the plaintiff is merely attempting to *prevent* a trustee sale from proceeding. (Id.) Accordingly, the Court once again declines to require Plaintiff to make or allege an actual tender at this time.

**II.    First cause of action for predatory lending (against IndyMac)**

In her first cause of action, Plaintiff alleges the subject loan was accomplished by the use of predatory lending in violation of California Financial Code § 4970 et seq. because Defendants knew or should have known the loan was one for which Plaintiff should not have qualified.

Plaintiff, however, failed to allege sufficient facts to demonstrate her loan falls within the ambit of California's predatory lending law, which is only applicable to specific covered loans. See Wolski v. Fremont Inv. & Loan, 127 Cal. App. 4th 347, 351 (2005). To qualify as a "covered loan," the loan must be a consumer loan in which:

> the original principal balance of the loan does not exceed the most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association in the case of a mortgage or deed of trust, and where one of the following conditions are met:
>
> > (1) For a mortgage or deed of trust, the annual percentage rate at consummation of the transaction will exceed by more than eight percentage points the yield on Treasury securities having comparable periods of maturity on the 15th day of the month immediately preceding the month in which the application for the extension of credit is received by the creditor.
> >
> > (2) The total points and fees payable by the consumer at or before closing for a mortgage or deed of trust will exceed 6 percent of the total loan amount.

CAL. FIN. CODE § 4970(b). In this case, Plaintiff has failed to allege any facts from which the Court might be able to determine whether "the original principal balance of the loan does not exceed the

most current conforming loan limit for a single-family first mortgage loan established by the Federal National Mortgage Association." <u>See</u> <u>id.</u>

Moreover, Plaintiff's claim fails because OneWest was not involved in the origination of Plaintiff's loan. As applicable here, California's predatory lending law provides that "[a] person who *originates* covered loans shall not make or arrange a covered loan unless at the time the loan is consummated, the person reasonably believes the consumer, or consumers, . . . will be able to make the scheduled payments to repay the obligation based upon a consideration of their current and expected income, current obligations, employment status, and other financial resources, other than the consumer's equity in the dwelling that secures repayment of the loan." <u>Id.</u> § 4973(f)(1) (emphasis added). "Originates" means "to arrange, negotiate, or make a consumer loan." <u>Id.</u> § 4970(h). In this case, as the Deed of Trust indicates, the original lender for Plaintiff's loan was PacificBanc Mortgage. (Def. RJN, Ex. A.) OneWest only received an interest in the loan via Assignment of the Deed of Trust that was notarized on July 13, 2009, and recorded on July 23, 2009.[2] (<u>Id.</u>, Ex. C.) Accordingly, because OneWest did not originate Plaintiff's loan, it cannot be liable for any predatory lending during the origination process. Thus, this cause of action is **DISMISSED WITH PREJUDICE**.

**III.     Second cause of action for breach of contract (against all Defendants)**

In her second cause of action, Plaintiff alleges that in exchange for her promise to complete and submit to IndyMac a loan modification application, IndyMac promised to postpone the trustee's sale on the subject property. (SAC ¶ 28.) According to Plaintiff, she performed her portion of this oral contract, and IndyMac breached its obligation when it failed to postpone the trustee's sale. (SAC ¶ 29.) In its motion to dismiss, OneWest denies that any oral contract was formed between the parties, and in the alternative argues that any such contract would be unenforceable due to lack of certainty regarding the material terms and because it violates the Statute of Frauds. OneWest also argues Plaintiff has failed to adequately allege facts establishing the elements for breach of contract.

---

[2] Both the Deed of Trust and the Assignment of the Deed of Trust are document of which the Court can take judicial notice because they are matters of public record "whose accuracy cannot reasonably be questioned." <u>See</u> FED. R. EVID. 201; <u>Castaneda v. Saxon Mortgage Servs., Inc.</u>, 687 F. Supp. 2d 1191, 1196 (E.D. Cal. 2009). Moreover, "judicial notice may be taken of a fact to show that a complaint does not state a cause of action." <u>Sears, Roebuck & Co. v. Metro. Engravers, Ltd.</u>, 245 F.2d 67, 70 (9th Cir. 1957). In this case, the Notice of Default and the Assignment of the Deed of Trust confirm that IndyMac was not the originator of Plaintiff's loan.

The Court has previously rejected OneWest's argument that the alleged oral contract is unenforceable because it violates the Statute of Frauds. As the Court previously explained, Section 1698 of the California Civil Code provides that a contract in writing may only be modified (1) in writing, (2) by an executed oral agreement, or (3) by an oral agreement supported by new consideration. CAL. CIV. CODE § 1698(a)-(c). The California Supreme Court has held that "if there exists sufficient consideration for an oral modification agreement, then full performance by the promisee alone would suffice to render the agreement 'executed' within the meaning of section 1698." Raedeke v. Gibraltar Sav. & Loan Ass'n, 10 Cal. 3d 665, 673 (1974) (concluding that the borrowers had a cognizable cause of action at law because they relied on the lender's promise to postpone the foreclosure sale if they obtained a solvent buyer). In this case, adequate consideration can be found in the form of Plaintiff's completion and submission of the loan modification application.[3]

Similarly, Plaintiff has adequately alleged an existence of a valid oral contract. A cause of action for breach of contract requires proof of the following elements: "(1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008) (citation omitted). Here, Plaintiff has alleged that in exchange for her promise to complete and submit to IndyMac a loan modification application, IndyMac promised to postpone the trustee's sale on the subject property. (SAC ¶¶ 9, 28.) According to Plaintiff, she performed her portion of this oral contract by completing and submitting the loan modification application. (SAC ¶¶ 10, 29.) Plaintiff also adequately alleges IndyMac breached its obligation when it failed to postpone the trustee's sale.[4] (SAC ¶ 29.) Finally, Plaintiff alleges she was injured because she was required to initiate litigation

---

[3] Even in the absence of actual consideration, Plaintiff can state a cause of action under the doctrine of promissory estoppel. See Raedeke, 10 Cal. 3d at 672 ("'Under [the doctrine of promissory estoppel] a promisor is bound when he should reasonably expect a substantial change of position, either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its enforcement.'"); Sutherland v. Barclays Am. / Mortgage Corp., 53 Cal. App. 4th 299, 312 (1997) (concluding that plaintiff could proceed with her cause of action for breach of contract where she detrimentally relied on defendant's statement that she could postpone three mortgage payments).

[4] The Court is not persuaded by OneWest's argument that it has not breached the alleged oral agreement because the trustee's sale was ultimately postponed. As Plaintiff's SAC indicates, the postponement did not take place until *after* Plaintiff commenced this suit and obtained a temporary restraining order, first in the state court and then in this Court. (See SAC ¶¶ 11-15.)

1   to compel postponement of the trustee's sale, thereby incurring damages in the form of attorney fees

2   and costs. (SAC ¶ 30.) For the foregoing reasons, because Plaintiff's SAC alleges sufficient facts to

3   state a claim for breach of contract, the Court **DENIES** the motion to dismiss in this regard.

4   **III.      Third cause of action for fraud (against all Defendants)**

5          In her third cause of action, Plaintiff alleges she was defrauded by Defendants when they

6   promised to postpone the trustee's sale if she filed her application, and then failed to do so. (SAC ¶¶

7   34-36.) According to Plaintiff, this is a wide-spread practice by IndyMac, whereby it promises to

8   postpone the trustee's sales upon the borrowers' submission of their loan modification applications

9   and subsequently either falsely claims that it did not receive the applications or all of the

10  documentation, or proceeds with the trustee's sales regardless of what the borrowers do. (SAC ¶¶ 37-

11  39.) OneWest moves to dismiss this cause of action, arguing Plaintiff has failed to plead the necessary

12  elements to support a claim for fraud with required particularity.

13         To recover for common law fraud under California law, Plaintiff must demonstrate: (1)

14  misrepresentation, (2) knowledge of its falsity, (3) intent to defraud, (4) justifiable reliance, and (5)

15  resulting damage. Lazar v. Super. Ct., 12 Cal. 4th 631, 638 (1996). Moreover, Rule 9(b) of Federal

16  Rules of Civil Procedure requires allegations of fraud or mistake to be stated "with particularity." In

17  the Ninth Circuit, this rule "has been interpreted to mean the pleader must state the time, place and

18  specific content of the false representations as well as the identities of the parties to the

19  misrepresentation." Misc. Serv. Workers, Drivers & Helpers v. Philco-Ford Corp., 661 F.2d 776, 782

20  (9th Cir.1981) (citations omitted); see also Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th

21  Cir. 2003) ("Averments of fraud must be accompanied by 'the who, what, when, where, and how' of

22  the misconduct charged." (citation omitted)). Thus, where multiple defendants are involved, "a

23  plaintiff must, at a minimum, 'identify the role of each defendant in the alleged fraudulent scheme.'"

24  Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir.2007) (quotation omitted).

25         In this case, Plaintiff has sufficiently alleged the "'the who, what, when, where, and how' of

26  the misconduct charged." See Vess, 317 F.3d at 1106. According to Plaintiff, on or about October 7,

27  2009, she spoke with Ms. Lori Melton, a qualified agent of IndyMac, who represented to her that the

28  then-impending trustee's sale would be postponed if Plaintiff would file her application for a loan

1  modification. (SAC ¶¶ 9, 34.) This representation turned out to be false, and IndyMac failed to

2  postpone the trustee's sale. (SAC ¶¶ 10, 34.) Plaintiff adequately alleges that IndyMac knew the

3  representation was false when made and that IndyMac never intended to comply with its promise.

4  (SAC ¶¶ 35-36.) In support of IndyMac's intent and knowledge, Plaintiff points to IndyMac's alleged

5  fraudulent business practice pursuant to which IndyMac promises to postpone the trustee's sales upon

6  the borrowers' submission of their loan modification applications and subsequently either falsely

7  claims that it did not receive the applications or all of the documentation, or proceeds with the

8  trustee's sales regardless of what the borrowers do. (SAC ¶¶ 37-39.) According to Plaintiff, this is

9  further confirmed by the numerous suits currently pending against IndyMac that arise from similar

10 fraudulent practices. (SAC ¶ 35.) Next, Plaintiff adequately alleges she relied on IndyMac's

11 misrepresentation by completing and submitting the loan modification application. (SAC ¶ 10.)

12 Finally, Plaintiff adequately alleges she incurred damages in the form of attorney fees and costs when

13 she was required to initiate litigation to compel postponement of the trustee's sale.[5] (SAC ¶¶ 30, 38.)

14         The Court finds the foregoing allegations in the SAC to be "specific enough" to state a cause

15 of action for fraud and "to give [OneWest] notice of the particular misconduct so that [it] can defend

16 against the charge and not just deny that [it has] done anything wrong." See Kearns v. Ford Motor Co.,

17 567 F.3d 1120, 1124 (9th Cir. 2009) (citation and internal quotation marks omitted); see also Peterson

18 v. Bank of Am., N.A., No. 09cv2570-WQH-CAB, 2010 WL 1881070, at **8-9 (S.D. Cal. May 10,

19 2010). Accordingly, the Court **DENIES** the motion to dismiss in this regard.

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ────────────

28    [5] In her opposition to the Motion to Dismiss, Plaintiff also alleges IndyMac's misrepresentations precluded her from taking alternative forms of recourse to prevent the trustee's sale. (Pl. Opp., at 20.)

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion to dismiss as it relates to Plaintiff's first cause of action for predatory lending and **DISMISSES WITH PREJUDICE** this cause of action with respect to OneWest. In all other respects, the Court **DENIES** the motion to dismiss.

**IT IS SO ORDERED.**

**DATED:  June 29, 2010**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**