# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRIDA VISSUET,<br><br>                      Plaintiff,<br>vs.<br><br>INDYMAC MORTGAGE SERVICES, A DIVISION OF ONEWEST BANK FSB; QUALITY LOAN SERVICE CORPORATION, A CALIFORNIA CORPORATION; AND DOES 1 THROUGH 100,<br><br>                      Defendants. | CASE NO. 09-CV-2321 - IEG (CAB)<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT**<br><br>[Doc. No. 43] |

    Presently before the Court is a motion to file a supplemental amended complaint brought by Plaintiff Frida Vissuet. For the reasons discussed below, the Court construes Plaintiff's motion as a motion for leave to file an amended complaint and **GRANTS** Plaintiff's motion.

## BACKGROUND

    On April 8, 2010, Plaintiff filed her Second Amended Complaint ("SAC"), asserting claims arising from Defendants' allegedly improper lending practices. (Doc. No. 21.) Defendant filed a motion to dismiss Plaintiff's SAC, and the Court granted in part and denied in part Defendants' motion on June 29, 2010. (Doc. No. 27.) Defendant filed its answer shortly thereafter. (Doc. No. 28.) On September 9, 2010, Magistrate Judge Bencivengo issued a scheduling order requiring that any motion to amend or file additional pleadings be filed on or before October 12, 2010. (Doc.

No. 37.) On October 12, 2010, Plaintiff filed the current motion based on what she characterizes as "facts occurring since the original pleading was filed." Pl.'s Mot. at 3.  Defendant filed a response in opposition on October 14, 2010, and Plaintiff filed a reply on November 1, 2010. (Doc. Nos. 44, 47.)  On November 17, 2010, the Court vacated the hearing scheduled for November 22, 2010 pursuant to Civil Local Rule 7.1(d)(1) and took the matter under submission. (Doc. No. 48.)

For purposes of this motion, Plaintiff contends the following facts have occurred since the original pleading was filed:  On or about November 18, 2009, Plaintiff entered into a Home Affordable Modification Trial Period Plan (HAMP).  Id.  Under the agreement, Plaintiff agreed to make scheduled monthly payments.  Id.  Although she has made payments under the agreement, Plaintiff contends that Defendant seeks to terminate the HAMP agreement and force her to make payments under the original loan.  Id.  In addition, Plaintiff notes that on December 16, 2009, her mother-in-law, who has a 50% interest in the subject property, filed for Chapter 13 bankruptcy.  Id. Plaintiff's mother-in-law entered into a "Chapter 13 Plan" without objection from Defendant.  Id. However, Defendant filed but later withdrew a Motion for Relief from Stay.  Id.  Although Plaintiff's mother-in-law complied with the terms of the "Chapter 13 Plan," Defendant later filed another Motion for Relief from Stay, with the intention of requesting a right to proceed with a foreclosure.  Id.  The relief was not granted and the bankruptcy court ordered an evidentiary hearing on the matter.  Id.

## DISCUSSION

Amended and supplemental pleadings are governed by Rule 15 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 15(a), (d).  The primary distinction between an amended pleading and a supplemental pleading is whether the additional allegations cover facts arising before (amended pleading) or after (supplemental pleading) the pleading to be amended or supplemented.  See id.; Eid v. Alaska Airlines, Inc., 621 F.3d 858, 874 (9th Cir. 2010).  The erroneous characterization of a corrected pleading as an amended complaint, rather than a supplemental complaint, is immaterial.  Cabrera v. City of Huntington Park, 159 F.3d 374, 382 (9th Cir. 1998); see also  United States ex rel. Wulff v. CMA, Inc., 890 F.2d 1070, 1073 (9th

1  Cir.1989) (citing <u>United States ex. rel. Atkins v. Reiten</u>, 313 F.2d 673, 674 (9th Cir.1963)).  Unless
2  prejudice would occur, it is within a district court's discretion to ignore the misguided designation
3  and proceed as if it had been correctly named.  <u>See</u> <u>Cabrera</u>, 159 F.3d at 382; Keith v. Volpe 858
4  F.2d 467, 475 (9th Cir. 1988).

5        Defendant opposes Plaintiff's motion on two technical grounds.  As an initial matter,
6  Defendant maintains that Plaintiff's motion was not properly noticed and should not be heard.
7  Def.'s Opp'n at 2.  In addition, Defendant argues Plaintiff does not provide any new facts
8  demonstrating transactions, occurrences or events which happened since the filing of the SAC in
9  April 2010.  <u>Id.</u>

10       The Court finds both of Defendant's objections to Plaintiff's motion unpersuasive.  Civil
11 Local Rule 7.1(e)(1) requires that a notice of motion be filed a minimum of twenty-eight days prior
12 to the date for which the matter is noticed.  Here, Plaintiff filed her motion on October 12, 2010,
13 along with a notice of hearing that erroneously stated the hearing on the motion was set for
14 October 22, 2010 (rather than the correct date, November 22, 2010).  (Doc. No. 43.)  Seven days
15 later, on October 19, 2010, Plaintiff filed an amended notice of hearing, (Doc. No. 45), giving
16 Defendant more than the required twenty-eight days notice.  Plaintiff's motion was properly
17 noticed.  To the extent Plaintiff refers to facts that occurred prior to the filing of the SAC in April
18 2010, her motion should have been styled as a motion for leave to file an amended complaint.
19 Plaintiff's erroneous characterization is immaterial, <u>see</u> <u>Cabrera</u>, 159 F.3d at 382, and Defendant
20 does not contend that allowing Plaintiff to amend her complaint would be unjust or prejudicial, <u>see</u>
21 <u>generally</u> Def.'s Opp'n.  The Court thus construes Plaintiff's motion as a motion for leave to file an
22 amended complaint pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.  In accordance
23 with its duty to grant leave "when justice so requires," <u>see</u> Fed. R. Civ. P. 15(a), the Court
24 **GRANTS** Plaintiff's motion for leave to file an amended complaint.

25       **IT IS SO ORDERED.**
26 **DATED:  December 14, 2010**

27
      *[signature]*
28       **IRMA E. GONZALEZ, Chief Judge**
      **United States District Court**